UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BILLY BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>THE MINNESOTA DEPARTMENT OF CORRECTIONS, THE CENTURION MEDICAL CORPORATION OF MINNESOTA, ET AL.,<br><br>Defendants. | Case No. 21-CV-1927 (PAM/KMM)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff Billy Bailey's pro se complaint concerning the conditions of his confinement at the Minnesota Department of Corrections' Stillwater Facility during the global COVID-19 pandemic. ECF No. 1. Mr. Bailey paid the full $402 filing fee for his civil case. However, as a prisoner, Mr. Bailey's complaint is still subject to initial review under the terms of 28 U.S.C. § 1915A. In the following analysis, this Court will recommend dismissal of a number of parties and claims. By separate order it will address Mr. Bailey's application to proceed in forma pauperis, and service on the remaining parties.

**I.    Standard of Review**

Section 1915A provides that any civil action brought by a prisoner against a governmental entity or employee must be screened as soon as practicable. 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state an actionable claim for relief, it must be summarily dismissed. 28 U.S.C. § 1915A(b). Mr. Bailey is a prisoner, so his complaint is subject to such immediate review.

1

To state an actionable claim for relief, a plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under a cognizable legal theory. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Additionally, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Mr. Bailey is attempting to do here, a complaint must allege a set of historical facts showing that the named defendants violated plaintiff's federal constitutional rights while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To establish a defendant's liability in a civil rights action, a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims because plaintiff's complaint "failed to allege sufficient personal involvement by any of [the] defendants to support such a claim.") In *Beck*, the

2

Eighth Circuit upheld the dismissal of a prisoner's amended complaint because, although he alleged that two individual defendants instituted departmental policies that harmed him, he did not identify the specific policies he complained about or how the defendants personally used those policies to cause him harm. *Id.* Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone*, 364 F.3d at 914.

To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). The doctrine of respondeat superior does not apply in § 1983 cases, but a supervisor may be liable under § 1983 if either his direct action or his "failure to properly supervise and train the offending employee" caused the constitutional violation at issue. *See e.g. Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014). Stated differently, a plaintiff asserting a supervisory liability claim "must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts," which "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996).

A warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987). A supervisor may be liable if he or she is involved in "creating, applying, or interpreting a policy that gives rise to unconstitutional conditions." *Jackson*, 747 F.3d at 543. Each supervisor's liability is assessed relative to his or her authority over the claimed constitutional violation. *Id.*

## II.     Mr. Bailey's Claims

Mr. Bailey's overarching complaint is that the defendants failed to adequately manage prison conditions at the Minnesota Correctional Facility ("MCF") in Stillwater during the global COVID-19 pandemic. In the master caption, Mr. Bailey identifies only two defendants explicitly—the Minnesota Department of Corrections ("MNDOC") and the Centurion Medical Co. Corporation of Minnesota ("Centurion"). However, throughout the remainder of his pleading he explicitly lists many other defendants, and within each enumerated claim, he lists even more defendants. *See e.g.* ECF No. 1 at 1, 4, 5, 7. Mr. Bailey expressly states that his claims are brought against the defendants in their individual and official capacities. ECF No. 1 at 12 ¶ 19. He broke his complaint into four claims with one sub-claim, claim (3A). He has already moved the Court to dismiss Claim 4.[1] ECF No. 5.

In Claim 1, Mr. Bailey alleges that MNDOC and Centurion violated the Eighth Amendment and strict liability by knowingly subjecting he and others to an environment that posed the risk of danger or suffering. ECF No. 1 at 6. Specifically, he alleges that the defendants failed to separate uninfected from infected inmates and staff (*Id.* at ¶¶ A, F), they failed to direct their subordinates to create a plan for separation (*Id.* at ¶¶ B-C) they failed to build quarantine cells (*Id.* at ¶ D), and they failed have staff tested before they came to work at the prison (*Id.* at ¶ G). He further alleges that they failed to implement a contagious

---

[1]     Under Rule 15(a) of the Federal Rules of Civil Procedure a party may move to amend his or her pleading once as a matter of course before it is served upon the opposing parties. This Court will construe Mr. Bailey's request to dismiss Claim 4 as an amendment as a matter of course, and it will not review the claim further.

disease prevention strategy, or to train or supervise their subordinates concerning disease prevention techniques.  *Id.* at 7 ¶¶ H-I.  Mr. Bailey argues that the defendants' actions were callous, deliberate and reckless, because they received notice of these issues in an August 28, 2020 emergency grievance he filed, but rather than taking immediate action, he was sent back through the ordinary grievance procedures.  *Id.* at ¶ J.

In Claim 2, Mr. Bailey argues that MNDOC, Centurion, and Defendants Paul Schnell, Michelle Smith, and Nanette Larson denied him the protections offered by the Eighth Amendment and the Fourteenth Amendment Due Process clause.  ECF No. 1 at 7.  He supports Claim 2 with the same factual allegations set forth in relation to Claim 1.  *Id.*  He does not explain how this claim differs in any respect.  *Id.*

In Claim 3, Mr. Bailey alleges that Defendants Guy Bosch, Victor Wanchena, Andrew Reed, Tina Sneen, Monica Arons, Lynn Noll, Brianna Erickson, and Marissa Williams all violated his Eighth and Fourteenth Amendment rights via the conduct set forth in association with Claim 1.  ECF No. 1 at 8.  Mr. Bailey does not elaborate on the personal actions of these defendants.  However, he provides an eight-page factual narrative immediately after this claim and before Claim 3A.  ECF No. 1 at 8-16.  Of note, Mr. Bailey alleges that he contracted COVID-19 and he has lasting physical ailments.  *Id.* at 12 ¶ 16.

In Claim 3A, Mr. Bailey alleges that Defendants Bosch, Reed, Wanchena, Sneen, Arons, Noll, Larson, Collin Gau, the Stillwater Administrative Team, and Sheryl Mayer knowingly violated the Eighth Amendment when they allowed inmates infected with or exposed to the Delta variant of COVID-19 to be transferred from B West Unit into D Hall Unit.  ECF No. 1 18 ¶¶ 34F-H.  Mr. Bailey alleges that the transfer occurred despite it being

5

common public knowledge that the Delta variant was dangerous, and despite the fact that prison staff knew or should have known that the B West Unit inmates were COVID-19 positive. *Id.* at 17-19 ¶¶ 34D, L. Additionally, Mr. Bailey alleges that the defendants acted with deliberate indifference because staff were allowed to transport prisoners to and from the facility without personally performing a 14-day quarantine after the transfer. ECF No. 1 at 17 ¶ 34C.

### III.  Analysis

#### A. Claim 1

Mr. Bailey brought Claim 1 alleging deliberate indifference against the MNDOC and Centurion. As an agency of the state, MNDOC is invested with sovereign immunity coextensive with that of the state itself. *See Grant v. City of Blytheville, Ark.*, 841 F.3d 767, 772 n.2 (8th Cir. 2016) (citing *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984)). Neither the State of Minnesota nor MNDOC has waived sovereign immunity with respect to the claims presented in this lawsuit, so claims against MNDOC, and MNDOC itself should be dismissed from this lawsuit. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (dismissal is appropriate if subject matter jurisdiction is lacking due to sovereign immunity). Therefore, this Court will recommend that MNDOC and all claims against it be dismissed from this case.

As for Centurion, Mr. Bailey alleges that Centurion, a company that contracts with MNDOC to provide medical services at MCF Stillwater, participated in meetings and discussions related to the care for prisoners during the COVID-19 pandemic. Specifically, he alleges that Centurion, its nurses and doctors, and the nurses and doctors at MCF

Stillwater allowed infected and uninfected inmates to be co-mingled despite knowledge that it presented a serious risk. ECF No. 1 at 6 ¶ E. In the Eighth Circuit an inmate can bring a claim against a corporation acting under the color of state law, if he or she alleges that the corporation had a policy, custom, or action by those who represent official policy that inflicts an injury actionable under § 1983. *See e.g. Burke v. North Dakota Dept. of Corr. and Rehabilitation*, 294 F.3d 1043, 1044 (8th Cir. 2002), *citing Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Mr. Bailey's allegations about Centurion's role at MCF Stillwater in managing COVID-19 are sufficient to survive initial review under § 1915A. By separate order this Court will initiate service of process for this defendant.

### B. Claim 2

Claim 2 is brought against MNDOC, Centurion, Paul Schnell, Michelle Smith, and Nanette Larson. Claim 2 relies on the exact same factual predicates as Claim 1. As explained above, this Court recommends that MNDOC be dismissed from this suit because it is immune. Claim 1 will proceed against Centurion, but claim 2 is identical to Claim 1, so this Court will recommend that Claim 2 against Centurion be dismissed as duplicative.

As for defendants Schnell and Smith, Mr. Bailey alleges that they were the Commissioner of Corrections and the Assistant Commissioner of Corrections during the timeframe covered by his complaint. An official capacity claim against a state official "is a suit against the official's office [and] is no different from a suit against the state itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Mr. Bailey's official capacity claims against Schnell and Smith are claims against the state itself, and the state has not waived sovereign immunity as explained with MNDOC above. This court recommends that

Mr. Bailey's official capacity claims against Schnell and Smith be dismissed as barred by the Eleventh Amendment.

Mr. Bailey also raises individual capacity claims against Schnell and Smith.  Because the two provide oversight of the entire Minnesota Department of Corrections, they are 'supervisors' for purposes of a § 1983 claim.  Supervisors can only be held liable if they are personally involved in a constitutional wrong, or if it is alleged that they are personally responsible for a lack of training or oversight of their subordinates.  Mr. Bailey's allegations are too generic to state an adequate § 1983 claim against Schnell or Smith in their official capacities as Commissioner and Assistant Commissioner.  He does not identify personal direct actions they took, and he also fails to make any specific allegations about how they implemented a harmful policy or how they failed to supervise their subordinates in relation to the pandemic and the conditions at MCF Stillwater.[2]  Unlike the medical defendants whom he explicitly alleges had meetings and discussions about the conditions at MCF Stillwater, he does not allege that Schnell or Smith actively participated in anything.  Mr. Bailey's allegations that could be construed as directed at Schnell and Smith are too generic.  For example he alleges "[t]hey failed to effectively properly supervise/oversee the subordinates; and failed to properly train their subordinates concerning disease infection prevention techniques and safety."  ECF No. 1 at 7 ¶ I.  Threadbare assertions or bare recitations of legal theories are not enough to state a valid claim.  Because Mr. Bailey's

---

[2]  Mr. Bailey perhaps suggests that the subordinates failed to implement a contagious disease prevention policy, but the failure to follow a policy is not a claim under 42 U.S.C. § 1983.  *See e.g. Braun v. Walz*, Case No. 20-cv-0333 (DSD/BRT) (D. Minn. 2021) 2021 WL 268321 *1, *7, Report & Recommendation adopted.

allegations about Schnell and Smith are threadbare and lack detail about their personal involvement or knowledge, this Court recommends that the claims against Schnell and Smith in their individual capacity be dismissed for failure to state a claim.

By contrast, Mr. Bailey alleged that "the medical physicians/nurses from the Centurion Med. Corp. L.L.C.—were directly/indirectly involved in meetings discussions, that resulted in the decision/realization, the infected and non-infected prisoners, had to be mixed together because of the lack of space resources." ECF No. 1 at 6 ¶ E. He further alleges that MCF Stillwater nurses and medical staff participated in this conduct with Centurion. *Id.* Mr. Bailey alleges that Defendant Larson was the head of nursing at MCF Stillwater during the timeframe of his allegations, so this Court will allow his claims to proceed against Larson in her individual capacity at this juncture. By contrast, this Court recommends that the official capacity claims against Larson be dismissed because as explained above, official capacity claims are barred by sovereign immunity.

To recap, this Court recommends that Claim 2 be dismissed against MNDOC because it enjoys sovereign immunity as an entity of the state. It recommends that Claim 2 be dismissed against Centurion as duplicative of Claim 1. This Court recommends that Claim 2 be dismissed as to all defendants (Schnell, Smith, and Larson) in their official capacity as employees of the state. This Court further recommends that Claim 2 be dismissed against Schnell and Smith in their individual capacity for their roles as supervisors because the allegations are too generic to state a sufficient claim. Claim 2 shall be allowed to proceed only as to Defendant Larson in her individual capacity for her role as the head of nursing.

**C. Claim 3**

As with Claim 2, Claim 3 does not reference any factual allegations beyond those stated for Count 1 (ECF No. 1 at 6-7, ¶¶ A-J).  In Claim 3, Mr. Bailey lists eight new defendants—Guy Bosch (warden), Victor Wanchena (associate warden), Andrew Reed (program director), Tina Sneen (health services supervisor/practitioner), Monica Arons (health services supervisor/nurse practitioner), Lynn Noll (former MNDOC supervisor of nursing), Brianna Erickson (watch commander), and Marisa Williams (watch commander).  He alleges, as with the other two claims, that the defendants violated his Eighth and Fourteenth Amendment rights via deliberate indifference to the serious conditions posed by a global pandemic.  He explicitly writes that he relies on the facts associated solely with Claim 1, however, after listing Claim 3, Mr. Bailey provided eight pages of numbered paragraphs with factual allegations.  Because Mr. Bailey is a pro se litigant, this Court construes his pleading broadly, so it will infer that he wishes for these allegations to be considered alongside Claim 3.  The allegations span from pages 8-16, paragraphs 1 -34.  ECF No. 1 at 8-16.

As explained in relation to Claim 2, Mr. Bailey cannot maintain an official capacity claim against employees of the State of Minnesota because those claims are claims against the state itself and the state has not waived sovereign immunity.  Therefore, this Court recommends dismissing the official capacity claims against all defendants named in relation to Claim 3—defendants Bosch, Wanchena, Reed, Sneen, Arons, Noll, Erickson and Williams.

For Mr. Bailey to state a valid claim against any of the defendants named in Claim 3 in their individual capacities, he would need to clearly describe their personal involvement in the alleged harms. As with some of his prior claims, he has failed to make adequate allegations of personal involvement by the defendants named in association with general operations of the prison—Warden Bosch, Assistant Warden Wanchena, Program Director Reed, and Watch Commanders Erickson and Williams. All of the allegations contained both in the facts associated with Claim 1 (ECF No. 1 at 6-7 ¶¶ A-I) and the new facts this Court has interpreted with Claim 3 (ECF No. 1 at 8-16 ¶¶ 1-34) are generic in nature. Mr. Bailey simply does not describe in plain terms what role any of these particular defendants had in the issues he describes. Mr. Bailey refers to large groups of people rather than individual actors. For example, paragraphs A-D and F-I all begin by saying "they failed" to do XYZ task to promote safety at MCF Stillwater. (ECF No. 1 at 6-7). Generic allegations that "they" failed to act, are not sufficient to state an individual or supervisory capacity claim under Section 1983. *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) (to prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation); *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (general responsibility for supervising the operations of a prison is insufficient to establish personal involvement for purposes of an individual capacity § 1983 claim). Therefore, this Court recommends that the individual capacity claims against Defendants Bosch, Wanchena, Reed, Erickson and Williams be dismissed for failure to state a claim.

As for the defendants associated with healthcare—Tina Sneen (health services supervisor/practitioner), Monica Arons (health services supervisor/nurse practitioner), Lynn

Noll (former MNDOC supervisor of nursing)—this Court will allow Claim 3 to proceed against these three defendants in their individual capacity because Mr. Bailey specifically alleged that the nursing staff and doctors at MCF Stillwater were involved with meetings and discussions with Centurion staff that resulted in the mixing of infected and uninfected prisoners. ECF No. 1 at 6 ¶ E. At this early juncture, this allegation is sufficient to state a claim against these defendants for their role in the conditions at MCF Stillwater, that allegedly led to Mr. Bailey and others contracting COVID-19 with lasting physical impairments. (ECF No. 1 at 12 ¶ 16) (detailing the physical impacts Mr. Bailey suffered as a result of COVID-19).

### D. Claim 3A

Mr. Bailey brings Claim 3A against Schnell, Smith, Bosch, Reed, Wanchena, Sneen, Arons, Noll, Larson, Collin M. Gau (health services director/supervisor), the Stillwater Administrative Team and Sheryl Mayer (nurse supervisor). In Claim 3A he alleges that he was subjected to the risk of deadly infection by the Delta variation of COVID-19 in violation of the Eighth Amendment. (ECF No. 1 at 17 ¶ 34A). Specifically he alleges defendants:

> acquiesced in other staff's deliberate indifference callousness, and recklessness and disregard of plaintiffs, health safety, and physical well being, violating the 8th Amendment, plaintiff was also subjected to the deliberate indifference and reckless callousness and risk of infection by the (Stillwater prison's policy/de facto policy/procedure of (COVID infection prevention) which creates a risk, of COVID contamination, by creating (COVID cross contamination risks). (Prison staff's act of transferring prisoners, from unit to unit create deadly health risks, cross-contaminations.)

*Id.* To provide factual context, Mr. Bailey alleges that for at least the past six months prison guards have escorted prisoners to and from the facility and have placed the prisoners in

12

quarantine upon return, but have not followed quarantine protocols themselves. (ECF No. 1 at 17 ¶ 34B-C. He also alleges that in July of 2021 inmates were transferred from B-West to D-Hall (his unit) despite the fact that the prison knew or should have known that the transferred inmates either were infected or had contact with infected individuals. (*Id.* at 18-19 ¶¶ 34F-34K). He alleges that the Delta variant is "as contagious as the military grade small-pox virus," and that the dangerousness of the Delta variant is widely known because it is reported on the news. (*Id.* at 19 ¶ 34L). As a result of the factual allegations, Mr. Bailey alleges that the defendants disregarded his right to protection from the risk of harm, danger, injury, and verifiable possible death. (*Id.* at 19 ¶ 34M).

As with Claims 2-3, any claims against the defendants in their official capacity under Claim 3A are improper because the defendants are employees of the state and the state has sovereign immunity. This Court recommends that official capacity claims under Claim 3A be dismissed.

Mr. Bailey has also failed to state an adequate claim against the defendants in their individual capacities with his allegations made in Claim 3A. As with other claims, his complaint lacks adequate detail about the personal actions of the named defendants. Additionally, to state a failure to protect claim under Section 1983, a plaintiff generally must allege that he or she has sustained some objectively serious actual injury. *See e.g. Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008); *Bilder v. Hawkins*, 2020 WL 6957860 (D. Minn. 2020). A plaintiff alleging that he or she suffered from a failure to protect must show either an objectively serious mental or physical injury, or that the conditions are likely to cause serious injury in the future. *Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010). Mr.

13

Bailey's allegations about the co-mingling of potentially infected and un-infected inmates during a week in July of 2021 does not include an allegation that he suffered an objectively serious harm. Absent a specific harm, Mr. Bailey has failed to plead a complete § 1983 claim against the defendants named in Claim 3A. Therefore, this Court recommends that Claim 3A be dismissed in its entirety for failure to state a claim under § 1915A(b)(i).

### IV.     Miscellaneous Motion

On October 14, 2021, Mr. Bailey submitted a motion for the Court to take judicial notice of 17 pages of exhibits. ECF No. 8. With the motion, he submitted exhibits that reflect an ongoing dispute with MCF Stillwater over the procedures for sending and receiving legal mail. ECF No. 9. Mr. Bailey's case does not contain any claims about legal mail, so these exhibits are irrelevant to the complaint. As such, this Court recommends denying the motion to "take judicial notice" of the exhibits.

### V.     Recommendation

Based on the foregoing analysis, this Court **HEREBY RECOMMENDS THAT:**

1. MNDOC be dismissed from Claims 1 and 2 because it is immune from suit under the Eleventh Amendment.

2. All claims against all defendants in their official capacity be dismissed because the defendants are employees of MNDOC and thus also fall within the scope of sovereign immunity under the Eleventh Amendment.

3. Claim 2 against Defendants Schnell and Smith be dismissed for failure to state a claim under Section 1915A because Mr. Bailey failed to detail the individual involvement of these defendants either personally or in their supervisory capacities.

4. Claim 2 be dismissed against Centurion as duplicative of Claim 1.

5. Claim 3 be dismissed as to defendants Bosch, Wanchena, Reed, Erickson, and Williams because it contains insufficient allegations about their personal involvement and thus fails to state a claim under § 1915A(b).

6. Claim 3A be dismissed as to all defendants because without an allegation of an actual injury, it is insufficient to state a claim under § 1915A(b).

7. Mr. Bailey's Motion to Voluntarily Dismiss [ECF No. 5] Claim 4 be **GRANTED**.

8. Mr. Bailey's Motion for the Court to Take Judicial Notice [ECF No. 8] be **DENIED** because the contents of the motion are irrelevant to the claims presented in this case.

Date: November 10, 2021                         *s/ Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).