UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Billy Bailey, | Civ. No. 21-1927 (PAM/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| The Minnesota Dept. of Corrections, The Centurion Medical Co. Corporation of Minnesota, Nanette Larson, Tina Sneen, Monica Arons, and Lynn Noll, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Katherine M. Menendez dated November 10, 2021. (Docket No. 13.) The R&R recommends that certain claims and certain Defendants in Plaintiff Billy Bailey's Complaint be dismissed from this matter. Bailey filed a timely objection to the R&R. (Docket No. 17.)

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R. (Docket No. 13.)

Bailey first objects that the Magistrate Judge ignored his allegations that all Defendants acted in concert with one another, ostensibly establishing their personal involvement. But this so-called "concerted action" rule is a matter of state, not federal, law, and it does not in any event supersede the federal requirement that a litigant raising a

§ 1983 claim must specify the personal involvement of each individual Defendant. (R&R at 2.) As the R&R correctly noted, there is no respondeat superior liability for violations of § 1983. (Id. at 3.) Thus, whether Bailey alleged that all Defendants acted in concert with one another has no bearing on whether he sufficient stated a claim against each individual Defendant.

Bailey also contends that the prison's grievance policy itself is at issue here because the policy does not provide for emergency relief, which is necessary in a pandemic. This claim, however, does not appear in his Complaint. The Complaint asserts that certain Defendants' actions in ignoring his emergency grievance amounted to deliberate indifference. (Compl. at p. 6 ¶ J.) Bailey cannot amend his pleading through objections to the R&R, and this objection is not well-taken.

Next, Bailey relies on a series of decisions from federal courts in New York and the Second Circuit Court of Appeals to argue that the Magistrate Judge erred in relying on Ashcroft v. Iqbal, 556 U.S. 662 (2009). Even were this Court bound by decisions of the Second Circuit, to the extent that court's decisions conflict with a Supreme Court pronouncement on an issue, this Court—and every other federal court—must follow the Supreme Court's determination. The Supreme Court has held that a § 1983 plaintiff such as Bailey must plead each government official's personal involvement in the constitutional violation. See Iqbal, 556 U.S. 662, 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). And the cases Bailey cites are not to the contrary. Rather, they make clear that personal involvement is required and set forth different ways a § 1983 plaintiff might

2

establish such involvement. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, "the weight of authority among the district courts in the Eastern District of New York suggests that only two of the Colon-factors—direct participation and the creation of a policy or custom—survive Iqbal." Butler v. Suffolk Cty., 289 F.R.D. 80, 95 n.8 (E.D.N.Y. 2013). Thus, Bailey's insistence that certain Defendants knew or should have known of the risks of failing to take certain precautions against the spread of Covid is irrelevant. As the R&R found, Bailey's Complaint does not sufficiently plead the personal involvement of many Defendants under the Supreme Court's explicit requirements.

Finally, Bailey concedes that Eleventh Amendment immunity precludes his claims against the Department of Corrections and the individual Defendants in their official capacities. Those claims will therefore be dismissed.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 13) is **ADOPTED**;

2. The Minnesota Department of Corrections is **DISMISSED** from Claims 1 and 2 because it is immune from suit under the Eleventh Amendment;

3. All claims against all Defendants in their official capacity are **DISMISSED** because Defendants are employees of the Minnesota Department of Corrections and thus also enjoy Eleventh Amendment sovereign immunity;

4. Claim 2 against Defendants Schnell and Smith is **DISMISSED** for failure to state a claim under § 1915A;

5. Claim 2 is **DISMISSED** against The Centurion Medical Co. Corporation of Minnesota as duplicative of Claim 1;

6. Claim 3 is **DISMISSED** as to Defendants Bosch, Wanchena, Reed, Erickson, and Williams for failure to state a claim under § 1915A(b).

7. Claim 3A is **DISMISSED** as to all Defendants because without an allegation of an actual injury, it is insufficient to state a claim under § 1915A(b).

8. Bailey's Motion to Voluntarily Dismiss Claim 4 (Docket No. 5) is **GRANTED**;

9. Bailey's Motion for the Court to Take Judicial Notice (Docket No. 8) is **DENIED**; and

10. The Clerk of Court is **DIRECTED** to send ten (10) additional U.S Marshal service forms to Bailey.

Dated:  Tuesday, December 21, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge